[Cite as *Harter v. Harter*, 2012-Ohio-4702.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| DONNA HARTER | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2011-CAF-10-0100 |
| BRIAN HARTER | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Delaware County
                             Court of Common Pleas, Domestic
                             Relations Division, Case No. 07DRA05-237


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      October 8, 2012


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DONNA HARTER  PRO SE                  BRIAN HARTER
6032 Pimpernel Pl.                    1063 Radnor Road
Westerville, OH 43082                 Delaware, OH 43015

*Gwin, P.J.*

{¶1} Defendant Brian W. Harter appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Delaware County, Ohio, which overruled most of his objections to the decision of the magistrate and adopted the decision as modified. The court granted a divorce to appellant and plaintiff-appellee Donna Harter, divided the marital property, and allocated parental rights and responsibilities. Appellant assigns eight errors to the trial court:

{¶2} "I. THE TRIAL COURT ESTABLISHED AN ERRONEOUS FUTURE SALE PRICE OF THE MARITAL RESIDENCE WHEN THE MAGISTRATE ESTABLISHED AND THE TRIAL JUDGE AGREED THAT AN EQUITABLE VALUE IN THE HOME BE SET AT $25,500, DESPITE NO EVIDENCE AT ALL THAT SUPPORTS THIS FIGURE, AND BASED ON THE LACK OF COOPERATION OF THE APPELLEE IN SELLING THE HOUSE AND THE COURT'S DELAY IN MAKING ITS DECISION IN ALLOWING THE APPELLANT BACK IN THE HOUSE, AS WELL AS THE OBVIOUS TERRIBLE STATE OF THE REAL ESTATE MARKET.

{¶3} "II. THE TRIAL COURT ERRED IN THE MANNER OF DIVIDING THE MARITAL DEBT-SPECIFICALLY IN ASSIGNING ALL OF THE MARITAL DEBT, WITH THE EXCEPTION OF THE HOME AND APPELLANT'S CAR, TO APPELLEE, AND THEN ORDERING APPELLANT TO PAY ONE HALF OF THE DEBT TO APPELLEE IN CASH ON OR BEFORE A SPECIFIC DATE.

{¶4} "III. THE TRIAL COURT ERRONEOUSLY INCLUDED THE WIFE'S FATHER'S PAYMENT OF HER CREDIT CARD AS MARITAL DEBT.

{¶5} "IV. THE TRIAL COURT ERRONEOUSLY RULED THAT NO CONFLICT OF INTEREST EXISTED WHEN HIS LAW CLERK, TERRIE CLINGER, PRESIDED AS THE MAGISTRATE IN THE CONTESTED TRIAL AND THEN WAS SUBSEQUENTLY RETURNED TO HER POSITION AS THE TRIAL COURT'S LAW CLERK AT THE TIME WHEN THE OBJECTIONS TO THE MAGISTRATE'S DECISION WERE BEFORE THE TRIAL JUDGE.

{¶6} "V. THE TRIAL COURT ERRED IN RULING THAT THE PURCHASE OF AN AUTOMOBILE BY APPELLANT WITH THE EQUITY IN A PRE-MARITAL ASSET (HARLEY DAVIDSON MOTORCYCLE) TO BE A MARITAL ASSET TO WHICH HALF OF THE EQUITY IN THE AUTOMOBILE WAS ORDERED TO BE GIVEN TO THE WIFE.

{¶7} "VI. THE TRIAL COURT ERRED IN DENYING APPELLANT-HUSBAND'S REQUEST FOR A REIMBURSEMENT OR CREDIT AGAINST OTHER ASSETS OR DEBT FOR A PORTION OF THE MORTGAGE PAYMENTS (APPROXIMATELY $2,274 PER MONTH) ON THE MARITAL RESIDENCE WHILE APPELLEE LIVED IN THE HOUSE AT NO COST FOR APPROXIMATELY TWO YEARS DUE TO THE COURT'S TEMPORARY ORDERS.

{¶8} "VII. THE TRIAL COURT ERRONEOUSLY FAILED TO MAKE A FINDING ON THE SAIL BOAT WHEN THE EVIDENCE SHOWS THAT THE APPELLANT PURCHASED THE BOAT WITH THE SAME PRE-MARITAL FUNDS THAT HE BOUGHT THE HOUSE, AND BASED ON THE APPARENT ORDER OF THE MAGISTRATE WHICH GRANTED THE BOAT TO APPELLANT.

{¶9}   "VIII. THE TRIAL COURT ERRONEOUSLY HELD THAT APPELLANT IS ONLY ENTITLED TO VISITATION ACCORDING TO THE STANDARD VISITATION SCHEDULE WHEN THE PARTIES AGREED AND THE GUARDIAN AD LITEM AGREED THAT APPELLANT SHALL HAVE THE CHILD WEDNESDAY OVERNIGHT IN ADDITION TO THE STANDARD VISITATION SCHEDULE."

{¶10} The record indicates the parties were married in May 2004 and produced one child. Appellee filed for divorce in May of 2007.

{¶11} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see *Booth v. Booth*, 44 Ohio St. 3d 142, 541 N.E.2d 1028 (1989).   The Supreme Court made the abuse of discretion standard applicable to property divisions in *Martin v. Martin*, 18 Ohio St. 3d 292, 480 N.E.2d 1112 (1985).

{¶12} The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, *Pons v. Ohio State Med. Board,* 66 Ohio St.3d 619, 621, 1993 -Ohio- 122, 614 N.E.2d 748.

{¶13} With regard to property divisions, the Supreme Court has directed us not to engage in piecemeal review regarding specific items or categories of property. "The appropriate consideration is whether the trial court's disposition of these items resulted in a property division, which, viewed in its entirety, was an abuse of discretion." *Briganti v. Briganti*, 9 Ohio St.3d 220, 222, 459 N.E.2d 896 (1984).

{¶14} Finally, Civ. R. 53(D)(3)(a)(iii) provides that on appeal a party shall not assign as error the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

I.

{¶15} In his first assignment of error, appellant argues the court erred in determining the equity in the marital residence.  The magistrate found the equity the parties had in the marital home is $25,500, and included it in the property division.

{¶16} At the outset, we find the record shows the magistrate divided what she determined to be the marital assets and debts equally between the parties.

{¶17}   Finding of Fact Number Ten in the magistrate's decision details the magistrate's computations.  The marital home was purchased for $372,500.  At the date of the trial, according to the county auditor's records, the property was valued at $389,100, and the magistrate found it was subject to a mortgage of approximately $270,000.  The magistrate found appellant had contributed $77,000 towards the purchase price from proceeds he received from the sale of his pre-marital property.  The magistrate found the equity in the property to be approximately $102,500 if it sold for the same price the parties had paid.  The magistrate deducted appellant's $77,000 for his pre-marital property and found the marital equity in the home was $25,500.

{¶18} Appellee presented evidence the value determined by the Delaware County Auditor, and testified she believed it was a reasonable value for the property.  Appellant presented no evidence as to the actual value of the home.  The magistrate

did not accept the auditor's value, but rather based her computations on the original purchase price, which was lower than the auditor's figures.

**{¶19}** Appellant also asserts the home was the subject of a foreclosure action in 2010, and the court should have been aware of this, and also should have known the housing market was depressed and there was not $25,000 of equity in the home.

**{¶20}** The trial court overruled appellant's objection on this issue, finding the magistrate had awarded the residence to appellant subject to the mortgage, as appellant had requested.

**{¶21}** Finally, appellant raises issues regarding the magistrates finding a second home was appellee's pre-marital property. Appellant did not raise this issue before the trial court in an objection to the magistrate's decision, and it is not properly before this court.

**{¶22}** We find based upon the record before us the trial court did not err in its disposition of the marital home. The first assignment of error is overruled.

II.

**{¶23}** In his second assignment of error, appellant asserts the court erred in dividing the marital debt. He argues the court assigned all the marital debt with the exception of the home mortgage and appellant's car payment to appellee and then ordered appellant to pay one-half of the debt in cash by a date certain. The chart the magistrate included with her decision indicates the total debt was $34,452.06, excluding the mortgage on the home and the amount owed on appellant's vehicle.

**{¶24}** The trial court addressed appellant's objection to this issue, finding appellant did not contest any of the debts or balances, but appeared to argue he

should be allowed to negotiate with the creditors rather than to order either party to be actually responsible for the payment. Appellant requested the debt be divided by specific creditors with an equal amount of the debt given to each party.  The court noted it had no authority over any of the creditors, and found the magistrate's decision was correct as to the distribution of the debt. We agree.

**{¶25}** Considering the property division as a whole, the record supports the court's decision that the debts were equally divided.  We find the trial court did not abuse its discretion in accepting the magistrate's decision regarding the manner in which the marital debts should be allocated.

**{¶26}**  The second assignment of error is overruled.

III.

**{¶27}** In his third assignment of error, appellant argues the trial court erroneously included the wife's father's payment of her credit card as a marital debt. Appellant raised this issue in his objections to the magistrate's decision.  The trial court found appellant had acknowledged the credit card debt in question was a marital debt and he offered to pay his share of the marital debt accordingly.

**{¶28}** We find the court did not abuse its discretion by refusing to find the approximately $14,000 payment appellee's father made was a gift to her.

**{¶29}**  The third assignment of error is overruled.

IV.

**{¶30}** In his fourth assignment of error, appellant argues the court erred in not finding the magistrate who conducted the trial had a conflict of interest.  Appellant asserts the magistrate had formerly worked for the court before she presided over the

trial as a magistrate. Appellant concedes he cannot state any specific acts of bias or impropriety.  Appellant brought this matter to the court's attention for the first time in his objections after trial.

{¶31}  The court found appellant did not raise this issue until after the trial was concluded.  The court further found the magistrates are all appointed properly and in fact, by a different judge.

{¶32} Pursuant to Civ. R. 53 (B)(6), a court may disqualify a magistrate for bias or other cause at its discretion upon a motion filed with the court. We find the trial court did not abuse its discretion in overruling the objection.

{¶33}  The fourth assignment of error is overruled.

V.

{¶34} In his fifth assignment of error, appellant argues the trial court found a motorcycle and automobile were non-marital assets, but nevertheless treated the equity in those items as marital property.

{¶35}  Appellant brought this matter to the court's attention in his objections. The court found the motorcycle and automobile were traded as part of the purchase of a Hummer.  At the time of the trial, there was a debt still owed on the Hummer.  The court found it was appropriate to deem the assets and debts represented by the transaction as marital property, because by trading the motorcycle and automobile, appellant had violated the court's temporary order that neither party was to dispose of any assets during the pendency of the case.

{¶36}  We find the trial court did not abuse its discretion in treating the equity and debt as marital.  The fifth assignment of error is overruled.

VI.

{¶37} In his sixth assignment of error, appellant argues the court should have ordered appellee to reimburse appellant for a portion of the mortgage payments he made while appellee lived in the marital home at no cost for two years while the divorce was pending. In the alternative, he argues the court should have awarded him a credit for those payments against the other assets and debts in the property division.

{¶38} Appellant raised this matter in his objections to the magistrate's decision. The court found appellee made all the mortgage payments on another residence, to which appellant had exclusive occupancy and in return appellant was to make all mortgage payments on the property to which appellee had exclusive occupancy. The court found this arrangement had been pursuant to a temporary order and neither party objected to it at the time. The court found the allocation of current expenses was not disproportionate, finding it was appellant's actions which made it necessary to exclude him from the home.

{¶39} We find the court did not abuse its discretion or err as a matter of law. The sixth assignment of error is overruled.

VII.

{¶40} In his seventh assignment of error, appellant argues the trial court failed to make a finding regarding the sailboat. The court found the record was not clear as to what happened to the boat and the court could not make a finding as to the asset.

{¶41} The magistrate's decision lists the boat as part of the marital assets and divided its value between the parties. The record is unclear as to the whereabouts of the boat but appellant concedes the magistrate's decision awarded him the boat.

**{¶42}** Appellant testified the parties bought the boat using some of the proceeds of the sale of his pre-marital home. Appellee maintained they purchased the boat from the proceeds she received from the sale of a boat she had owned before the parties were married. The question of the boat was not raised in appellant's written objections to the magistrate's decision and the court was unsure what appellant's objection entailed. This court does not review matters not presented to the trial court, and we are unable to determine what the trial court had before it on the matter of the boat.

**{¶43}** The record shows that the overall property division was equal and this court must conclude the court did not abuse its discretion. The seventh assignment of error is overruled.

VIII.

**{¶44}** In his eighth assignment of error, appellant argues the trial court should not have ordered visitation according to its standard visitation, because the parties and the guardian ad litem all agreed appellant should have additional visitation on Wednesday overnight.

**{¶45}** It does not appear this matter was raised before the trial court and this court cannot address it. The eighth assignment of error is overruled.

**{¶46}** For the foregoing reasons, the judgment of the Court of Common Pleas,

Domestic Relations Division, of Delaware County, Ohio, is affirmed.

By Gwin, P.J., and

Farmer, J., concur

Hoffman, J., concurs in part;

dissents in part

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


WSG:clw 0907

*Hoffman, J., concurring in part and dissenting in part*

{¶47} I concur in the majority's analysis and disposition of all of Appellant's assignments of error except Assignment of Error V.

{¶48} I find Appellant's violation of the temporary orders does not equate to a finding of financial misconduct. Appellee did not file a contempt action regarding the trading of Appellant's Harley-Davidson motorcycle and Mustang automobile for the Hummer vehicle. The Hummer was a safer vehicle to transport the parties' child.

{¶49} Having found the motorcycle and automobile were not marital assets, I find the trial court's treatment of those assets as marital when dividing the property was error.

_____
HON. WILLIAM B. HOFFMAN

[Cite as *Harter v. Harter*, 2012-Ohio-4702.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

DONNA HARTER                           :

         Plaintiff-Appellee        :

                        :

-vs-                                   :          JUDGMENT ENTRY

BRIAN HARTER                           :

         Defendant-Appellant       :          CASE NO. 2011-CAF-0100

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas, Domestic Relations Division, of Delaware County, Ohio, is

affirmed.  Costs to appellant

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER